IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 11-245 |
| | ) |
| DONALD ABRAHAM SOLOMON, | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

Pending before the court is the government's motion for reconsideration, (ECF No. 67), the response in opposition (ECF No. 71) filed by defendant Donald Abraham Solomon ("defendant"), the government's court-ordered reply to defendant's response, (ECF No. 72), and defendant's sur-reply. (ECF No. 75.) The government seeks reconsideration of the court's order during the sentencing hearing in the present case directing the government to produce the confidential informant involved in making certain recordings admitted in evidence at the May 16, 2013 hearing.

I. **Background**

Defendant was charged in a three-count indictment of violations of the Hobbs Act, 18 U.S.C. § 1951. On January 4, 2013, defendant withdrew his pleas of not guilty and entered pleas of guilty to the charges at counts one, two and three of the indictment at Criminal No. 11-245. (ECF No. 47.) The government and defendant both filed objections to the presentence investigation report (PIR) prepared by the Probation Office, and defendant filed a motion for downward departure or variance (ECF No. 61) to which the government responded. (ECF No. 64.)

The court commenced the sentencing proceeding on May 16, 2013, at which time the court made rulings on the parties' objections to the PIR. The sentencing proceeding was continued until June 14, 2013. The court has not yet ruled on defendant's motion for a downward departure or variance. The government presented several audio and video clips at the sentencing hearing in support of its opposition to defendant's motion. Certain clips presented by the government involved a confidential informant ("CI") who worked with the government as part of its investigation of defendant. Before the government played the clips, defense counsel requested that the government produce evidence establishing that the recordings were consensual and provide the court and defendant with evidence of any and all inducements provided to the CI in exchange for his cooperation. (May 16 Afternoon Tr. at 4.)

During a recess in the sentencing proceedings, the government indicated to defense counsel that the CI was paid $31,200 over two years for his cooperation in defendant's case and two others, and that the CI is now employed by the Federal Bureau of Investigation (the "FBI"). (ECF No. 68 at 11-12.) Following the recess, defense counsel moved for the court to schedule a hearing to determine the voluntariness of the CI's consent to create the recordings at issue. (May 16 Afternoon Tr. at 54-55.) The court ordered the government to "have the [CI] come in and testify [so the court] can make a decision about whether it would affect the admissibility" of the clips. (Id. at 56.) The court granted defendant's request that the government turn over "all documentation, including all enrollment forms for [the CI] as an informant, all consideration provided and all of the documentation concerning his application, offer, [and] subsequent hiring by the FBI." (Id.) The hearing was adjourned and continued until June 14, 2013.

The government filed the present motion for reconsideration, asking the court to reverse its order requiring the government to present testimony from the CI with respect to the

voluntariness of the CI's consent to create the recordings. Defendant opposes the motion, arguing that the testimony is necessary to determine the admissibility of the clips featuring the CI. On June 6, 2013, the court ordered the government to reply to defendant's arguments with respect to the admissibility of the recordings at the sentencing hearing. The matter is fully briefed and ripe for disposition, and, for the reasons set forth below, the motion will be GRANTED in part, and DENIED in part.

## II. Standard for a Motion to Reconsider

"Motions for reconsideration may be filed in criminal cases." United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003). A trial judge exercises broad discretion over motions to reconsider, especially as they pertain to interlocutory orders. The Court of Appeals for the Third Circuit has noted that "'[s]o long as [a] district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.'" In re Anthanassious, 418 F. App'x 91 (3d Cir. 2011) (quoting United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)). A trial judge "'should exercise that discretion whenever it appears that a previous ruling, even if ambiguous, might lead to an unjust result.'" In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 438-39 (3d Cir. 2009) (quoting Swietlowich v. Bucks Cnty., 610 F.2d 1157, 1164 (3d Cir. 1979)).

The purpose of a motion to reconsider is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" Bootay v. KBR, Inc., 437 F. App'x 140, 146 (3d Cir. 2011) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). There are three circumstances in which a court may grant a motion for reconsideration: (1) there has been an intervening change in the controlling law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or

fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 667 (3d Cir. 1999) (cited by United States v. Trenk, No. 06-1004, 2009 WL 1298420, at *2 (D.N.J. May 8, 2009)). In applying this standard, if a "'trial judge decides to change or explain an earlier ruling, he should state his reasons on the record.'" In re Pharmacy Benefit, 582 F.3d at 438-39 (quoting Swietlowich, 610 F.2d at 1164). It follows that, although a motion for reconsideration may be granted, it is within the court's discretion to *not* alter or change its previous ruling.

### III. Discussion

At the outset, the court notes that the government did not couch its motion in terms of either an intervening change in the controlling law or newly discovered evidence. The motion, therefore, must satisfy the final ground for reconsideration by demonstrating a need to correct a clear error of law or fact or to prevent manifest injustice.

#### A. The Parties' Arguments

In support of its motion, the government argues that the court should follow the rationale of United States v. Ruiz, 536 U.S. 622 (2002), in which the United States Supreme Court held that the government is not required to disclose impeachment evidence related to informants or other witnesses prior to entering into a binding plea agreement with a defendant. Ruiz, 536 U.S. at 625. In essence, the government maintains that it was not obliged to turn over to defendant any evidence of inducements once defendant pled guilty, and therefore the government's refusal to turn over such evidence cannot form the basis of a motion to withdraw defendant's guilty plea.[1]

Defendant responds that the issue is whether pursuant to the Wiretap Act, 18 U.S.C. § 2510 et seq., he should be permitted to test the admissibility of the clips involving the CI at the sentencing hearing by applying the standards set forth by the Court of Appeals for the Third

---

[1] As noted in defendant's brief, the question whether defendant has a basis for a motion to withdraw his plea is not presently before the court and the government's opposition to such a motion should not form the basis for its motion to reconsider. (ECF No. 68 at 19-21.)

4

Circuit in United States v. Starks, 515 F.2d 112 (3d Cir. 1975), and United States v. Antoon, 933 F.2d 200 (3d Cir. 1991). Defendant maintains that the Wiretap Act prohibits disclosure of any intercepted communications unless one of the parties has given prior consent to interception of the communications, 18 U.S.C. § 2511(2)(c), and that Starks and Antoon outline the test for such consent.

In Starks, the court of appeals determined that the foundation for admissibility of a tape recording requires a showing that, *inter alia*, "the conversation elicited was made voluntarily and in good faith, without any kind of inducement." Starks, 515 F.2d at 121 n.11. Starks involved a question of admissibility of the tape at trial. Id. at 118-19. The court of appeals refined the voluntariness test in Antoon, and acknowledged that voluntary consent requires the court to consider "whether, under the circumstances, the consent was an exercise of free will or whether the actor's free will 'has been overborne and his capacity for self-determination critically impaired.'" Antoon, 933 F.2d at 203 (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973)). The admissibility issue in Antoon arose in the context of a pretrial motion to suppress. Id.[2] Defendant maintains that an evidentiary hearing pursuant to Starks / Antoon is the only appropriate method by which to determine whether the clips featuring the CI should be admissible at his sentencing hearing.

---

[2] The court of appeals in Antoon reversed the district court's finding that the recordings at issue in that case were involuntary on ground that the informant's "apprehension of prosecution . . . persuaded him to cooperate, not any **coercive statement or intimidation** by any law enforcement official." Antoon, 933 F.2d at 205. The court acknowledged that "there is no indication that [the informant] did anything but knowingly and intentionally choose between two unpleasant alternatives . . . [and] no one said that they would prosecute him if he did not [cooperate]." Id. The court noted that "[n]o implied threats were made to the cooperating witness" and quoted language from United States v. Kelly, 708 F.2d 121 (3d Cir. 1983), which stated that "'[a]n individual's decision to allow the police to record a phone conversation . . . is not necessarily involuntary just because that individual's motives were self-seeking, or because he harbored expectations of personal benefit.'" Id. (quoting Kelly, 708 F.2d at 125). In emphasizing the high standard for a finding of coercion, the court noted that "there is no evidence anywhere in the record before us that [the informant] felt more pressure to cooperate than any potential criminal defendant feels who has done wrong and been caught." Id. at 206.

The government responds to defendant's arguments with respect to the recordings' admissibility at the sentencing hearing in its reply brief. First, the government argues that defendant possessed the recordings and had several opportunities to object to most of them during the course of proceedings—specifically, at defendant's initial detention hearing before a magistrate judge on October 31, 2011 (when most of the recordings were entered into evidence), at the appeal of the pretrial detention order before this court on November 22, 2011, and again during a presentence status conference before this court on May 13, 2013. The government maintains that defendant failed to make a "colorable attack" on the consensual nature of the recordings, as required by United States v. Harris, No. 10-cr-40, 2013 WL 1828549, at *5 (W.D. Pa. Apr. 30, 2013). Second, the government argues in the alternative that if a hearing is held, it is prepared to meet its burden of showing that the recordings were voluntarily made.

**B.     Analysis**

At this stage, the government appears to be correct in its assertion that the Supreme Court decision in Ruiz likely bars defendant's argument that the government's withholding evidence of inducements is an appropriate ground for a motion to withdraw his guilty plea.[3] That position does not, however, address defendant's argument that he wishes to test the admissibility of the clips involving the CI for purposes of the sentencing hearing. To the extent that the government's motion does not address the admissibility question raised by defendant, there is no challenge that prevents the court from inquiring under the Wiretap Act about the consensual nature of the recordings featuring the CI for purposes of the sentencing hearing.

Defendant cites United States v. Larios, 593 F.3d 82 (1st Cir. 2010), to support his contention that the Wiretap Act's requirement of consent can dictate admissibility at sentencing

---

[3] Defendant appears to concede this point in his brief. He noted "Ruiz may well prevent Mr. Solomon from withdrawing his plea based on the Government's active concealment of highly significant Giglio material in this case . . . ." (ECF No. 68 at 19.)

6

proceedings. In Larios, the court implicitly acknowledged that the Wiretap Act could potentially bar admissibility of audio recordings introduced at sentencing. Id. at 89 ("we need not reach the issue of whether the audio recording was properly admitted into evidence [at the sentencing hearing]"). Defendant also bases his argument that the Wiretap Act applies in sentencing proceedings upon language in 18 U.S.C. § 2515, which provides that "[w]henever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in **any trial, hearing, or other proceeding** in or before any court . . . if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515 (emphasis added).

The Wiretap Act is violated when a person "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication," unless that disclosure is made by "a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. §§ 2511 (1)(c), (2)(c). Antoon sets forth the standard for determining consent pursuant to the statutory framework of the Wiretap Act. Antoon, 933 F.2d at 203-04. The government asserts no argument or case law indicating that the Wiretap Act's statutory standard for admissibility is inconsistent with the guidelines' requirement that evidence presented at a sentencing proceeding be supported by reasonable indicia of reliability. U.S.S.G. § 6A1.3(a). In its reply, the government acknowledged that "it might be arguable that under 18 U.S.C. § 2515 non-consensual recordings should not be admitted as evidence at a sentencing . . . ." (ECF No. 72 at 4.) In light of the foregoing discussion, the government's motion for reconsideration will be DENIED in that respect. There is, however, an issue raised about the court's requiring the CI to testify.

The Federal Rules of Evidence do not apply to sentencing proceedings. United States v. Miele, 989 F.2d 659, 663 (3d Cir. 1993) (citing Fed. R. Evid. 1101(d)(3)). Evidence adduced at sentencing, however, must be supported by "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). Contrary to the government's assertion, the court finds that defendant met his burden of making at least a "colorable attack" on the reliability of the recordings based upon the inducements provided to the CI by investigators. See Harris, 2013 WL 1828549, at *5. In Harris, the defendant merely "'speculate[d] that the CI was threatened with prosecution to obtain her cooperation, or was offered various inducements.'" Id. at *5 n.5. In the present case, the government advised defendant about the inducements given to the CI. Defendant argues these inducements call into question the admissibility of the recordings which is a "colorable attack" on the reliability of the recordings.[4] The question remains, however, what kind of proof the government may use to show that the Wiretap Act's requirement of consent was met.

The government argues that if the court needs to determine whether the recordings were consensual, the CI should not be required to testify in person on grounds that "effective law enforcement and the protection of the public interest require that the government be permitted, absent exigent circumstances, to withhold the identity of informants." (ECF No. 67 at 6) (citing Roviaro v. United States, 353 U.S. 53 (1957)); see McCray v. Illinois, 386 U.S. 300, 308-09

---

[4] The government in its reply brief argues that defendant waived his right to challenge the admissibility of the recordings by "having never raised an issue regarding the consensual nature of the recordings" at the detention hearing and in other subsequent proceedings before this court. (ECF No. 72 at 2-8) (emphasis in original). Defendant's sur-reply clarifies that defendant did object to the admissibility of the recordings at the detention hearing (albeit on different grounds), but also raises the larger point—that defendant was not aware of any inducements despite having asked in writing for the government to disclose that information. (ECF No. 75 at 2-5.) Upon learning of the inducements in the middle of the sentencing hearing, defense counsel "moved to strike the recordings within minutes of [the government's] tardy disclosure." (ECF No. 75 at 2.) The government cites no authority in support of its proposition that defendant waived his right to move for a hearing pursuant to Starks/Antoon once he learned about the inducements provided to the CI. Defendant's counsel objected to the admissibility of the recordings at the earliest time she became aware of the inducements, thus satisfying the requirements of Federal Rule of Evidence 103. The government's waiver argument, therefore, is not persuasive.

(1967) (noting the government's interest in protecting the identities of its informers). The commentary to U.S.S.G. § 6A1.3 provides that "[o]ut-of-court declarations by an unidentified informant may be considered where there is good cause for the non-disclosure of the informant's identity and there is sufficient corroboration by other means." U.S.S.G. § 6A1.3 (commentary citing, inter alia, United States v. Rogers, 1 F.3d 341 (5th Cir. 1993)).Courts have allowed a CI's supervising case agent to testify about the consensual nature of communications pursuant to the Wiretap Act, noting that "[t]he government need not present the testimony of the consenting party; rather, the government may establish that the party consented to the interception through other means." United States v. Ligambi, 891 F. Supp. 2d 709, 716-17 (E.D. Pa. 2012) (citing United States v. Barone, 913 F.2d 46, 49 (2d Cir. 1990)).

Given that this determination is for the purpose of sentencing and that hearsay is admissible at a sentencing hearing, the court concludes that the government will be permitted to present testimony about the consensual nature of the recordings from the CI's supervising case agent. This determination is consistent with existing case law. United States v. Brigman, 350 F.3d 310, 315 (3d Cir. 2003) ("Hearsay is fully admissible at a sentencing hearing, so long as it has sufficient indicia of reliability."). The government may, therefore, proceed based upon testimony of a knowledgeable case agent, rather than the CI. The motion is GRANTED to the extent that the CI will not be required to appear and testify.

IV.     **Conclusion**

In light of the foregoing discussion, the court concludes that the government did not identify a clear error of law or fact that would warrant reconsideration of the court's order permitting defendant to challenge the admissibility in the sentencing hearing of the recordings that include the CI under the provisions of the Wiretap Act. Specifically, defendant will be

permitted to challenge whether the CI voluntarily consented to record the communications at issue. The court also finds that the CI need not appear and testify. An appropriate order follows.

**ORDER**

AND NOW, this 12th day of June, 2013, upon review of the government's motion for reconsideration, (ECF No. 67), defendant's response, (ECF No. 68), the government's court-ordered reply, (ECF No. 72), and defendant's sur-reply, (ECF No. 75), the court concludes that the government failed to identify any clear error of law or fact that would warrant reconsideration of the issue whether under the Wiretap Act the recordings in issue were consensual, and it is HEREBY ORDERED that the government's motion is DENIED in that respect.

It is FURTHER ORDERED that the court will conduct a hearing on the consensual nature of the recordings involving the confidential informant entered into evidence at the sentencing hearing on May 16, 2013 for the purpose of determining whether to strike those recordings from the record, said hearing to take place at 9:30 a.m. on Friday, June 14, 2013.

It is FURTHER ORDERED that, in the interest of protecting the confidential informant's identity, the government may present testimony by way of the confidential informant's supervising case agent, rather than the confidential informant himself.

It is FURTHER ORDERED that the court will resume the sentencing hearing beginning immediately after the hearing on the consensual nature of the recordings.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Date: June 12, 2013